TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:    213.430.3400
Facsimile:    213.430.3409

Attorneys for Plaintiff
VERRAGIO, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERRAGIO, LTD.,<br><br>              Plaintiff,<br><br>      v.<br><br>KARIN APRAHAMIAN fka KARIN BABAPILAVIAN dba KARIN'S COLLECTIONS,<br><br>              Defendant. | Case No. 2:19-cv-885<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT; DEMAND FOR TRIAL BY JURY** |

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, Tucker Ellis LLP, files its complaint against Karin Aprahamian fka Karin Babapilavian dba Karin's Collections ("Defendant") for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1.     This case is a civil action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et seq.*, respectively. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

2.     Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Central District of California; the claims

alleged in this action arose in the Central District of California; and, the Defendant transacts business in the Central District of California.

## Parties and Personal Jurisdiction

3. Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

4. Verragio is informed and believes, and on that basis alleges, that Defendant resides in and has her principal place of business within the Central District of California.

5. This Court has personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Central District of California. Defendant regularly does and solicits business and derives substantial revenue from doing business in this Judicial District, including attending trade shows in this Judicial District.

## The Business of Verragio

6. Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

7. For over 20 years, Nisguretsky has been an innovator in the design creation, and marketing of fine jewelry. Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

8. Among Nisguretsky's jewelry designs is PAR-3059R and INS-7001RD, each an original design comprising copyrightable subject matter under the laws of the United States.

9. PAR-3059R is part of Verragio's Paradiso Collection.

10. INS-7001RD is part of Verragio's Insignia Collection.

11. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in PAR-3059R (VA 1-714-067) and INS-7001RD (VAu 996-693). Pictures of PAR-3059R and INS-7001RD are attached to this Complaint as Exhibit A.

///

///

12. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for PAR-3059R (VA 1-714-067), a copy of which is attached to this Complaint as Exhibit B.

13. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for INS-7001RD (VAu 996-693), a copy of which is attached to this Complaint as Exhibit C.

14. Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including PAR-3059R and INS-7001RD.

15. Since its creation, PAR-3059R and INS-7001RD have been manufactured by Verragio, or under its authority.

**The Business of Defendant**

16. Verragio is informed and believes, and on that basis alleges, that Defendant is a wholesale designer, manufacturer and/or distributor of jewelry to the jewelry industry and is in the business of designing, manufacturing, marketing and selling fine jewelry.

17. Verragio is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with retailers that purchase jewelry from Verragio.

18. Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Verragio.

19. Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to jewelers, retailers, and consumers within this Judicial District, and specifically markets its jewelry within this Judicial District.

20. Verragio has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, advertise, market or distribute jewelry with a design that is substantially similar to the copyrighted jewelry designs of PAR-3059R and INS-7001RD or any other copyrighted ring design licensed to Verragio.

///

21. Verragio is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry designs of PAR-3059R and INS-7001RD, and other copyrighted ring designs licensed to Verragio.

22. Pictures of some of these unauthorized and infringing pieces of jewelry are attached to this Complaint as Exhibit D.

23. For example, Defendant offered for sale on Etsy which infringes Verragio's copyright in PAR-3059R. In fact, Defendant admits that the ring is "Verragio Inspired." A comparison of PAR-3059R to Defendant's infringing ring follows:




Verragio Style No. PAR-3059R                    KC Ring

24. For further example, Defendant offered for sale on Etsy another ring which infringes Verragio's copyright in PAR-3059R. A comparison of PAR-3059R to Defendant's infringing ring follows:

///
///
///
///
///

 

Verragio Style No. PAR-3059R     KC Ring

25. For a final example, Defendant offered for sale on Etsy a ring which infringes Verragio's copyright in INS-7001RD. A comparison of INS-7001RD to Defendant's infringing ring follows:

 

Verragio Style No. INS-7001RD     KC Ring

///
///
///

**First Cause of Action**

(Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

26. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 25 of this Complaint as though fully set forth.

27. Defendant's acts constitute infringement of Verragio's licensed copyrights in PAR-3059R and INS-7001RD in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

28. Verragio is informed and believes, and on that basis alleges, that Defendant's manufacture, distribution, duplication, offer for sale and/or sale of infringing copies of PAR-3059R and INS-7001RD was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

29. Defendant's copyright infringement has caused, and will continue to cause Verragio to suffer, substantial injuries, loss, and damage to its proprietary and exclusive rights to PAR-3059R and INS-7001RD and has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined. In addition, Verragio is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

30. Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Defendant's acts and continuing acts. Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Therefore, Verragio is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of PAR-3059R and INS-

7001RD, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

31.  Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## Prayer for Relief

Therefore, Verragio respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendant that Defendant has infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501.

2. That each of the above acts by Defendant were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

> (a)  manufacturing, producing, offering to sell, selling, distributing, marketing, advertising, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that is substantially similar to PAR-3059R and INS-7001RD or any other copyrighted design licensed to Verragio;
>
> (b)  destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry;
>
> (c)  engaging in any other activity constituting an infringement of Verragio's licensed copyrighted jewelry designs; and
>
> (d)  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

4. That Verragio be awarded damages for Defendant's copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

5. That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

(a) copying, reproducing, manufacturing, duplicating, disseminating, distributing, marketing, advertising, offering to sell, selling or using infringing copies of Verragio's licensed copyrighted jewelry designs;

(b) engaging in any other activity constituting an infringement of any of Verragio's licensed copyrighted jewelry designs; and

(c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 5(a) through 5(b) above.

6. That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

7. That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, and any other applicable provision of law.

8. That the Court award Verragio its costs of suit incurred herein.

9. That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

///

///

DATED: February 5, 2019　　　　　Tucker Ellis LLP

　　　　　　　　　　　　　　　　By:　*/s/Howard A. Kroll*
　　　　　　　　　　　　　　　　　　Howard A. Kroll
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　VERRAGIO, LTD.

**DEMAND FOR TRIAL BY JURY**

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

DATED: February 5, 2019      Tucker Ellis LLP

By:    */s/Howard A. Kroll*
       Howard A. Kroll
       Attorneys for Plaintiff
       VERRAGIO, LTD.